# Exhibit 4

## **AGREEMENT**

WHEREAS, Fay & Perles were retained to represent all Marine victims and their family members who suffered as a result of the Iranian bombing of the Marine barracks in Beirut, Lebanon in 1983 and subsequently filed *Deborah D. Peterson, et al. v. The Islamic Republic of Iran* in the United States District Court for the District of Columbia, as the first in a series of civil actions against the Islamic Republic of Iran, and

WHEREAS, the judgment creditors in the case of *Deborah D. Peterson, et al. v. The Islamic Republic of Iran,* hereafter referred to as the "Peterson Group," filed an action in the United States District Court For The Southern District Of New York, on or about June 8, 2010, docketed as Civil Action No. 10 Civ. 4518, which action, inter alia, requests issuance of an Order for turnover of certain assets being held in a sub-custodial account by defendant, Citibank, N.A., for the benefit of the judgment debtor, *The Islamic Republic of Iran,* and

WHEREAS, the Peterson Group in Civil Action No. 10 Civ. 4518, seeks to obtain said assets in partial satisfaction of a civil judgment the members of the Peterson Group obtained on or about September 7, 2007, in the amount of $2,656, 944,220.00, in the United States District Court For The District Of Columbia, and

WHEREAS, the defendant, Citibank, N.A., has filed a third party complaint in Civil Action No. 10 Civ. 4518, asserting that it is in receipt of notice and civil process from other judgment creditors who have asserted claims to the same assets as were attached and restrained by the Peterson Group, and requesting a determination by the Court of these competing claims to the assets attached by the Peterson Group, and

1

WHEREAS, the assets executed upon do not appear to be sufficient to satisfy the competing claims of all of these judgment creditors and certain judgment creditors wish to enter into an agreement providing for distribution of the assets attached in a manner so as to afford partial collection to all judgment creditors joining in this agreement, and

WHEREAS, the following actions have been filed on behalf of members of the American Armed Forces in which judgments for compensatory damages have been or are expected to be entered against The Islamic Republic Of Iran in the amounts indicated in the United States District Court For The District Of Columbia:

| Name | Civil Action No. | Amount | Date/Entry |
|---|---|---|---|
| Peterson Group | 01-2094 | $2,656,944,877 | 9/7/2007 |
| Valore Group[1] | 03-1959 | 290,291,092 | 11/5/2009 |
| Elizabeth Murphy Group | 06-596 | 31,865,570 | 9/24/2010 |
| Bland[2] Group | 05-2124 | 277,805,908 | 12/21/2011 |
| Davis Group | 07-1302 | | |
| Taylor[3] Group | 10-844 | | |
| Brown Group | 08-531 | | |
| Fain Group | 10-628 | | |

WHEREAS, the President of the United States froze all Iranian assets in the United States on February 6, 2012 under the International Emergency Economic Powers Act (50 U.S.C. 1701 *et seq.*) (IEEPA), the National Emergencies Act (50 U.S.C. 1601 *et seq.*), section 1245 of the National Defense Authorization Act for Fiscal Year 2012 (Public Law 112-81) (NDAA), and section 301 of title 3, United States Code, thereby making any punitive damage award

---

[1] The Valore Group is the group of cases consolidated by order of Judge Lambreth on March 30, 2010: 06-cv-750-RCL-SPENCER, 06-cv-516-RCL-ARNOLD, 03-cv-1959-RCL-VALORE, 08-cv-1273-RCL-BONK. Punitive damages award of $1,000,000,000, is not included for purposes of this Agreement.
[2] Punitive damages award of $955,652,324, is not included for purposes of this Agreement.
[3] The Taylor Group for purposes of this document refers to three cases – O'BRIEN CA 06-690, ANDERSON CA 08-535 and TAYLOR CA 10-844

2

unenforceable pursuant to the Terrorism Risk Insurance Act ("TRIA"), which only allows for the satisfaction of compensatory damage awards against blocked assets.

NOW THEREFORE, the judgment creditor groups named above agree as follows:

(1) Each judgment creditor group will take all necessary measures to assert a valid writ/claim in the collection proceedings under way in Civil Action No. 10 Civ. 4518, but none will proceed in any manner seeking to obtain a ruling from the Court that the writ or other claim to the assets asserted by any other creditor group joining in this Agreement is invalid nor shall any other creditor group joining in this Agreement assist any other claimant in doing so. In addition, upon notification that a judgment creditor group has entered into this Agreement the above provisions shall be likewise applicable to that contracting judgment creditor group.

(2) Upon collection from the defendants upon the claims submitted by the judgment creditor groups, the reasonable costs incurred by each judgment creditor group which has entered into this Agreement will be paid from the amounts collected prior to distribution of the net amount as set forth below. Any dispute as to payment of any item of costs will be submitted for arbitration under the rules for commercial arbitration of the American Arbitration Association.

(3) The total amounts collected by each of the judgment creditor groups, less the total expenses paid out to those parties in accordance with the provisions of the preceding paragraph, shall then be divided and the percent distributed to each judgment creditor group which the judgment amount of that group bears to the total for all of the judgment creditor groups entering into this Agreement.

(4) This contract does not constitute an assignment of the judgment obtained by any contracting judgment creditor group, but rather constitutes only an agreement relating to association for the purpose of collection and division of the proceeds from the collection

3

activities of the participating groups. Each contracting judgment creditor group recognizes that the judgment for damages obtained by it against The Islamic Republic Of Iran will be reduced by the amount received by that contracting judgment creditor group for expenses and the amount received by that contracting judgment creditor group in compensation under the judgment. Each contracting judgment creditor group agrees to take all procedural steps necessary to notify the Court in which the judgment has been entered or registered of this reduction in their judgment amount outstanding.

(5) Each judgment creditor group, by entry into a contract in the above form commits to participate to the extent possible, given its resources. The inability of any group to participate in the collection prosecution in part or entirely shall not constitute a breach of this Agreement.

(6) The parties to this Agreement herewith authorize Thomas Fortune Fay and Steven R. Perles as their agents and attorneys in fact to enter into such further agreements with other groups holding judgments which have issued execution with respect to the assets which are the subject of Civil Action No. 10 Civ. 4518 to divide the amounts recovered in that action in proportion to the compensatory damage award component of the final judgments held by such groups.

(7) Attorneys shall advise any dissenters to this agreement in each participating creditor group that they may retain their own counsel and proceed independently.

IN WITNESS WHEREOF, the parties hereto acknowledge, understand and agree to the above. The parties understand and intend to be bound by all of the clauses contained in this document and further certify that they have received signed copies of this agreement at the time of execution on the day, month and year above set forth.

Date: 2/21/2012

**THE PETERSON GROUP**

By: _____
Thomas Fortune Fay, Esq.
Attorney for Plaintiffs

By: _____
Steven R. Perles
Attorney for Plaintiffs

**THE BLAND GROUP**

By: _____
Noel J. Nudelman, Esq.
Attorney for Plaintiffs

**THE VALORE GROUP**

By: _____
Keith M. Fleischman, Esq.
Attorney for Plaintiffs

By: _____
Joseph Peter Drennan, Esq.
Attorney for Plaintiffs

By: _____
Noel J. Nudelman, Esq.
Attorney for Plaintiffs

By: _____
Patrick M. Donahue, Esq.
Attorney for Plaintiffs

By: _____
Daniel W. Gaskill, Esq.
Attorney for Plaintiffs

By: _____
Thomas Fortune Fay
Attorney for Plaintiffs

**THE ELIZABETH MURPHY GROUP**

By: _____
John W. Karr, Esq.
Attorney for Plaintiffs

5

**THE DAVIS GROUP**

By: _____
Thomas Fortune Fay
Attorney for Plaintiffs

**THE TAYLOR GROUP**

By: _____
Joseph Peter Drennan, Esq.
Attorney for Plaintiffs

**THE BLAND GROUP**

By: _____
Noel J. Nudelman, Esq.
Attorney for Plaintiffs

**THE BROWN GROUP**

By: _____
Noel J. Nudelman, Esq.
Attorney for Plaintiffs

**THE FAIN GROUP**

By: _____
Joseph W. Fay
Attorney for Plaintiffs

6