# Exhibit 6

***EXECUTION VERSION***

## ARBITRATION AGREEMENT

This Arbitration Agreement ("Agreement") is made and effective as of the 4th day of December, 2017 (the "Effective Date") by and between:

A.      Allen L. Rothenberg, Esquire, The Law Firm of Allen L. Rothenberg, The Rothenberg Law Firm LLP for themselves and for and their respective partners, members, shareholders, predecessors, successors, assigns and affiliates (collectively, "Rothenberg"); and

B.      Thomas Fortune Fay, Esquire and Fay Law Group, P.A. (collectively, "Fay"), Steven R. Perles, Esquire and Perles Law Firm, P.C. (collectively, "Perles"), the Fay and Perles FSIA Litigation Partnership (the "Partnership"), Anthony LaSpada, Esquire ("LaSpada") for themselves and their respective partners, members, shareholders, predecessors, successors, assigns and affiliates (collectively, with Fay, Perles, the Partnership, and LaSpada, the "Fay, Perles & LaSpada Parties").

Hereinafter, each of the foregoing shall be referred to individually as a "Party" and collectively as the "Parties."

## RECITALS

A.      A dispute (the "Fee Dispute") has arisen among the Parties relating to the attorneys' fees and litigation expenses in Peterson v. Islamic Republic of Iran, No. 10-4518 (S.D.N.Y.) and Nos. 01-2094 and 01-2684 (D.D.C.), Valore v. Islamic Republic of Iran, Nos. 03-1959, 06-516, 06-750 and 08-1273 (D.D.C.), Murphy v. Islamic Republic of Iran, No. 06-596 (D.D.C.), and Estate of Bland v. Islamic Republic of Iran, No. 05-2124 (D.D.C.) (collectively, the "Beirut Marine Cases"). The Fee Dispute is over whether Rothenberg is entitled to compensation from Fay and Perles caused by and/or related to sharing agreements between the plaintiffs and/or their attorneys in the Beirut Marine Cases (the "Beirut Marine Plaintiffs") and Marine victim and family plaintiffs (not represented by Rothenberg) and/or their attorneys in other actions against the Islamic Republic of Iran (collectively, with the Beirut Marine Plaintiffs, the "Marine Plaintiffs").

B.      Rothenberg and the Fay, Perles & LaSpada Parties are named as respondents in Cook v. Fay et al., No. 1100084466 (JAMS) (the "Cook Arbitration").

C.      A dispute has arisen between Rothenberg and the Fay, Perles & LaSpada Parties relating to the apportionment of liability, if any, among the Parties in the Cook Arbitration (the "Apportionment Dispute").

D.      The Parties have agreed to submit the Fee Dispute to binding arbitration with JAMS and to resolve the Apportionment Dispute on the terms set forth herein.

NOW, THEREFORE, in consideration of the above recitals and the mutual promises set forth herein, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, and intending to be legally bound, the Parties covenant and agree as follows:

*** EXECUTION VERSION***

## I.     RECITALS.

The recitals set forth above form an integral and substantive part of this Agreement and are incorporated herein.

## II.     AGREEMENT TO ARBITRATE

A.     The Parties stipulate and agree to submit the Fee Dispute and any disputes arising out of this Agreement to neutral, binding arbitration at JAMS pursuant to the JAMS Arbitration Administrative Policies and the JAMS Comprehensive Arbitration Rules & Procedures.  Unless otherwise agreed in a writing signed by all of the Parties, the Fee Dispute and any disputes arising out of this Agreement shall be the only claims arbitrated under this Agreement.

B.     The Parties stipulate and agree that the Expedited Procedures set forth in Rules 16.1 and 16.2 of the JAMS Comprehensive Arbitration Rules & Procedures shall be employed.

C.     The Parties agree to give up any rights they might possess to have the Fee Dispute litigated in a court or jury trial, and each Party irrevocably consents to JAMS's exclusive jurisdiction over the Fee Dispute.

D.     The Parties agree to select Judge Stephen Crane as the arbitrator; however, in the event that Arbitrator Crane cannot serve, the Parties agree to cooperate in good faith on the selection of an arbitrator from the JAMS Panel.  In the event that the Parties arc unable to agree on an arbitrator within 20 days of a demand for arbitration, the Parties shall select a single neutral arbitrator in accordance with Rule 15 of the JAMS Comprehensive Arbitration Rules & Procedures.

E.     The Parties agree that no party may have ex-parte communications with the Arbitrator.  Any necessary communication with the Arbitrator must be initiated through the case manager.

F.     The Parties agree that Rothenberg shall be responsible for 50% of the expenses of the arbitration, and that the Fay, Perles & LaSpada Parties shall be responsible for 50% of the expenses of the arbitration.

G.     The Parties agree to defer presentation and resolution of the Fee Dispute until Judge Crane issues a final decision in the Cook Arbitration or until the Cook Arbitration otherwise reaches a final resolution, whichever comes first.  Thereafter, Rothenberg may commence an arbitration pursuant to this Agreement in accordance with the JAMS Comprehensive Arbitration Rules & Procedures.  None of the Parties other than Rothenberg shall have the right to commence an arbitration or any other action concerning the claims at issue in the Fee Dispute.  The Parties agree to waive any defense predicated upon the passage of time; provided, however, that Rothenberg must commence an arbitration, if he so chooses, within thirty six (36) months from the earlier of a Cook Judgment or a Cook Settlement.

H.     The Parties shall not raise any substantive issue relating to the Fee Dispute with the Special Master or the Trustee or in any forum other than the JAMS arbitration contemplated by this Agreement.

ACTIVE\50516117.v13-12/3/17

*** EXECUTION VERSION***

## III.  SATISFACTION AND SECURITY

      A.     The Parties shall not object to the Special Master paying unpaid fees and expenses to any Party to this Agreement in accordance with the schedule attached as "Exhibit A" (the "Schedule"), except to the extent of any mathematical or computation errors.

      B.     Fay and Perles shall each be severally liable for 50% of any award against the Partnership in the arbitration contemplated by this Agreement.

## IV.  APPORTIONMENT OF LIABILITY TO COOK, IF ANY

      The Parties deny that they have any liability to Cook.  Notwithstanding, if Cook obtains a monetary judgment against any or all of the Parties (a "Cook Judgment") or if the Parties agree to a global settlement with Cook requiring the payment of funds to Cook (a "Cook Settlement"), the Parties agree to allocate liability and responsibility as follows:

      A.     Rothenberg shall be liable for the percentage of the Cook Judgment or Cook Settlement calculated using the following formula (the "Rothenberg Percentage"): total net attorneys' fees paid to Rothenberg on all Marine Plaintiffs' cases divided by (total net attorneys' fees paid on all Marine Plaintiffs' cases minus total net attorneys' fees paid on all Marine Plaintiffs' cases to damages and collection attorneys other than Cook).  In other words:

$$\frac{\text{Total Net Attorneys' Fees Paid To Rothenberg on All Marine Plaintiffs' Cases}}{(\text{Total Net Attorneys' Fees Paid on All Marine Plaintiffs' Cases} - \text{Total Net Attorneys' Fees Paid to Damages and Collection Attorneys Other than Cook})} = \text{Rothenberg Percentage}$$

Any such liability to Cook shall be satisfied first from funds otherwise owed to Rothenberg from the QSF to the extent that such funds remain.  Rothenberg shall indemnify, defend and hold harmless the Fay, Perles & LaSpada Parties for any liability (including attorneys' fees) arising out of or related to Rothenberg's failure to satisfy his liability to Cook as set forth herein.

      B.     The Fay, Perles & LaSpada Parties shall be jointly and severally liable for the percentage of the Cook Judgment or the Cook Settlement calculated using the following formula (the "Fay, Perles & LaSpada Percentage"): 100% minus Rothenberg Percentage.  In other words:

$$100\% - \text{Rothenberg Percentage} = \text{Fay, Perles \& LaSpada Percentage}$$

Any such liability to Cook shall be satisfied first from funds otherwise owed to the Fay, Perles & LaSpada parties from the QSF to the extent that such funds remain.  The Fay, Perles & LaSpada

3

*** EXECUTION VERSION***

Parties shall indemnify, defend and hold harmless Rothenberg for any liability (including attorneys' fees) arising out of or related to the Fay, Perles & LaSpada Parties' failure to satisfy their liability to Cook as set forth herein.

C.    The Rothenberg Percentage and the Fay, Perles & LaSpada Percentage shall be calculated as of the date of the Cook Judgment or Cook Settlement. To the extent that subsequent distributions from the QSF, any award in the arbitration contemplated by this Agreement, or any other collection effort on behalf of the Marine Plaintiffs' impact either calculation, within thirty (30) days of receipt of such additional funds, the Parties shall account to one another as necessary to allocate liability in accordance with the revised calculations.

D.    If the Parties recover any funds from Cook, they shall apportion the recovery pro rata in accordance with the Rothenberg Percentage and the Fay, Perles & LaSpada Percentage as set forth above.

## V.    AUTHORITY OF PARTIES

The Parties warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Agreement. Each Party warrants that the person executing this Agreement on its behalf is fully authorized and empowered to bind the respective party. The Parties acknowledge that they are not executing this Agreement on behalf of any client, whose rights remain unaffected by this Agreement.

## VI.    NO ADMISSION OF LIABILITY

This Agreement is not, nor shall it be construed as, an admission of liability or wrongdoing on the part of any of the Parties.

## VII.    REPRESENTATION OF COMPREHENSION OF DOCUMENT

The Parties hereby acknowledge that they have read this Agreement and that they have discussed the terms of this Agreement with legal counsel of their choosing.

## VIII.    FURTHER ASSURANCES

The Parties hereto agree promptly to execute any further and additional documents and to take all further steps necessary to effectuate the terms and intent of this Agreement.

## IX.    FUTURE AMENDMENT

This Agreement may be amended, modified or supplemented only by written agreement of the Parties hereto executed by all of the Parties. No provision of this Agreement may be waived except in a writing signed by the Party against whom such waiver is sought to be enforced.

ACTIVE\50516117.v13-12/3/17

*** EXECUTION VERSION***

## X.     CONFIDENTIALITY

The terms of this Agreement are confidential and shall not be disclosed by any Party or their counsel except as required by legal process or by regulatory obligations.

## XI.     ENTIRE AGREEMENT

This Agreement constitutes the entire agreement and supersedes any prior written and/or oral agreements between the Parties with regard to the Apportionment Dispute and the forum for resolution of the Fee Dispute.

## XII.     COUNTERPARTS

This Agreement may be executed in counterparts and all such counterparts when so executed shall together constitute the final Agreement as if one document had been signed by all of the Parties.  This Agreement may be executed by facsimile copy and each signature thereto shall be and constitute an original signature, again as if all Parties had executed a single original document.

## XIII.     SEVERABILITY

Should a court of competent jurisdiction deem any provision of this Agreement illegal, invalid or otherwise unenforceable, in whole or in part, the remainder of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

## XIV.     BINDING EFFECT

This Agreement is binding upon and inures to the benefit of the Parties hereto and their respective successors and assigns.

## XV.     CONSTRUCTION OF AGREEMENT

This Agreement shall be construed without regard to any presumption or other rule of law requiring construction against the Party who caused it to have been drafted.

[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]

ACTIVE\50516117.v13-12/3/17