# Exhibit 11

```
JAMS COMPREHENSIVE ARBITRATION
NEW YORK, NEW YORK
-----------------------------------

ALLEN L. ROTHENBERG, ESQ., THE LAW
FIRM OF ALLEN L. ROTHENBERG, and THE
ROTHENBERG LAW FIRM LLP,

                Claimants,

        and                              JAMS Ref. No.
                                         1425036110
THOMAS FORTUNE FAY, ESQ., THE FAY LAW
GROUP, P.A., STEVEN R. PERLES, ESQ.,
PERLES LAW FIRM, P.C., and FAY and
PERLES FSIA LITIGATION PARTNERSHIP,

                Respondents.

-----------------------------------
```

## ORDER NO. 7

By email dated April 26, 2024, the Claimant Allen L. Rothenberg, Esq, The Law Firm of Allen L. Rothenberg, and The Rothenberg Law Firm LLP, (hereinafter the Claimant) seeks an order directing Respondents Thomas Fortune Fay, Esq., The Fay Law Group, P.C., (hereinafter the Fay Respondents), Steven R. Perles, Esq., Perles Law Firm, P.C. (hereinafter the Perles Respondents), and Fay and Perles FSIA Litigation Partnership to (1) facilitate, and

1

not contest, direct payment to the Claimant of his pro rata share of legal fees in the 650 Fifth Avenue Action on account of the same individual Peterson Plaintiffs from whom the Claimant received legal fees in <u>Peterson et al v Islamic Republic of Iran</u>, No. 10-4518 (SDNY), without those fees coming into Respondents' possession, (2) escrow the attorneys' fees from the 650 Fifth Avenue settlement in the sum of $3,200,000.00 that are in dispute in this arbitration until the pending arbitration is resolved, (3) permit the Claimant to share this Order with opposing counsel or collection counsel or the Court in the 650 Fifth Avenue Action, (4) provide a detailed update to the Claimant, within 7 days of the date of this Order, of any potential recovery by the Peterson Plaintiffs in the Clearstream II enforcement action and from the United States Victims of State Sponsored Terrorism Fund (hereinafter USVSST), (5) provide the Claimant with updates and disclosures in the Clearstream II enforcement action and from the USVSST, upon material developments, but no less than every 90 days, and (6)

provide the Claimant with information regarding any communications or meetings the Respondents had with the Peterson Plaintiffs, who are the Claimant's clients, related to the letter dated April 16, 2024, or the subject of this arbitration.

By letter dated May 1, 2024, the Perles Respondents agree to (1) deposit one-half of the disputed $3,200,000.00 in attorneys' fees in the sum of $1,600,000.00 into an escrow account or with the Registry of the Court, in connection with the Claimant's unjust enrichment claim, and (2) provide a report on the status of the Clearstream II Collection case.  The Perles Respondents represent that they have had no additional communications with the Peterson Plaintiffs related to the letter dated April 16, 2024, and they oppose the remainder of the relief requested in the Claimant's email. By letter dated May 1, 2024, the Fay Respondents agree to (1) place in escrow one-half of the disputed legal fees under the Claimant's claim for unjust enrichment, and (2) not contest the direct remittance of legal fees

3

to the Claimant from the Claimant's clients in the 650 Fifth Avenue Action under the terms of their respective contingent retainer agreements with the Claimant. The Fay Respondents represent that they have never discussed the arbitration with the Claimant's clients and that they hosted Zoom conferences on April 19, 2024 and April 20, 2024, to answer questions about the April 16, 2024 letter. The Fay Respondents oppose the remainder of the relief sought by the Claimant.

In a Reply letter dated May 9, 2024, the Claimant seeks additional relief in the form of discovery and depositions concerning the Zoom conferences with the Peterson Plaintiffs regarding the April 16, 2024, letter. In a Sur-Reply letter dated May 10, 2024, the Perles Respondents oppose the additional requested relief by the Claimant. In a Sur-Reply letter dated May 13, 2024, the Fay Respondents also oppose the additional relief requested by the Claimant. The Fay Respondents reiterate that their consent to deposit one-half of the disputed attorneys' fees is limited to the unjust enrichment claim.

The Perles Respondents and the Fay Respondents argue that the Arbitrator does not have authority to grant much of the relief requested by the Claimant, and that almost all of the relief requested by the Claimant is outside of the scope of this arbitration. In the Arbitration Agreement dated December 4, 2017, the Claimant and Respondents agreed to submit to arbitration the Fee Dispute that had arisen in Peterson et al v Islamic Republic of Iran, No. 10-4518 (SDNY), and several other cases [Arbitration Agreement, Recitals ¶A].  The Claimant's Demand for Arbitration dated September 14, 2021, asserts, *inter alia*, a claim for relief under the theory of declaratory judgment "setting forth [Claimant's] entitlement to future attorneys' fees from under the Co-Counsel Agreement sufficient to remedy the dilution and other damages caused by Respondents' improper actions" [Demand, p10, ¶45].  The Arbitration Agreement and the assertion of the claim for relief under the theory of declaratory judgment in this arbitration afford the Arbitrator the jurisdiction to issue an Order directing

5

the Perles Respondents and the Fay Respondents to deposit the disputed attorneys' fees in the sum of $3,200,000.00 into an interest bearing escrow account pending the outcome of this arbitration.[1]  Therefore, that branch of the Claimant's April 26, 2024, email for an Order directing the Perles Respondents and the Fay Respondents to deposit the total sum of $3,200,000.00 in attorneys' fees received from the 650 Fifth Avenue Action settlement, into an interest bearing escrow account pending the outcome of this arbitration, is granted.

Similarly, based upon the Arbitration Agreement and the claims asserted in the Demand for Arbitration, the Arbitrator has the authority to enter an order directing

---

[1]   The Perles Respondents specify their agreement to deposit $1,600,000.00 into escrow in connection with the claim for recovery under the theory of unjust enrichment, while the Fay Respondents only consent to escrow one-half of the disputed fees related to the unjust enrichment claim.  However, there is no basis to qualify the deposit of disputed attorneys' fees in the manner requested by the Perles Respondents and the Fay Respondents.  Neither the Perles Respondents nor the Fay Respondents have presented any justification to eliminate one of the claims asserted in this arbitration or parse the alleged damages in the manner they seek.

6

payment to the Claimant of his pro rata share of legal fees in the 650 Fifth Avenue action on account of the same individual Peterson Plaintiffs from whom the Claimant received legal fees in the same pro rata share in <u>Peterson et al v Islamic Republic of Iran</u>, No. 10-4518 (SDNY).  The Claimant shall be permitted to share this Order with the Court, opposing counsel and collection counsel in the 650 Fifth Avenue Action in order to facilitate the payment of such attorneys' fees directly to the Claimant.

    The Claimant is entitled to receive updates on the Clearstream II and USVSST Fund collection efforts.  The Claimant remains counsel to some of the Peterson Plaintiffs who are seeking to recover funds from these sources in order to satisfy their judgment against the Islamic Republic of Iran.  The funds received by the Peterson Plaintiffs will generate attorneys' fees which fall under the Fee Dispute that is the subject of this arbitration.  Therefore, the Claimant's request to be provided with a detailed written update, within 7 days

7

of the date of this Order, on the status of the enforcement efforts in the Clearstream II and USVSST Fund collection efforts,[2] and the disclosure of any proposed sharing arrangements among plaintiff groups, is granted. In addition, the Respondents shall continue to provide the Claimant with updates and disclosure when there is a material development but no less than every 90 days.

The Perles Respondents have represented that they had no communication with the Peterson plaintiffs related to the letter of April 16, 2024.  The Fay Respondents have represented that they have never discussed the arbitration with their clients other than to report its filing as well as the allegations made in the arbitration that were reported in the letter dated April 16, 2024. The Fay Respondents further state that the communications have been restricted to the letter itself and responding to client inquiries, which included conducting Zoom Conferences hosted by the Fay Law Group on April 19, 2024,

---

[2] The Perles Respondents have agreed to the granting of this relief with respect to the Clearstream II collection case [Perles Respondents' Letter dated May 1, 2024, p3].

8

and April 20, 2024. The information set forth in the Fay Respondents' letter of May 1, 2024, is new information regarding communications they had with the Peterson Plaintiffs. The additional relief requested by the Claimant in the Reply Letter of May 10, 2024, simply responds to this new information revealed for the first time in the Fay Respondents' letter in opposition. Because it is clear that the Fay Respondents have had additional communications with the Peterson Plaintiffs, the Claimant's request to direct the Fay Respondents to share their communications and any other related correspondence with the Claimant, is granted. The Fay Respondents are directed, within 7 days of the date of this Order, to provide the Claimant with a detailed written statement of all communications with the Peterson Plaintiffs, who are the Claimant's clients, regarding the Claimant, the April 16, 2024, letter, or the subject of this arbitration, including the Zoom sessions, and both the Fay Respondents and the Perles Respondents shall continue to provide the Claimant with the information for

9

any future communications had with the Peterson Plaintiffs who are the Claimant's clients. The detailed written statements to be provided by the Fay Respondents and the Perles Respondents as to past, present, and future communications in any form, satisfies the Claimant's request for this information and, therefore, the request for depositions, is denied.

Accordingly, it is

**ORDERED** that that branch of the Claimant's April 26, 2024, email request for an Order directing the Perles Respondents and the Fay Respondents to deposit the sum of $3,200,000.00 in attorneys' fees to be received in the 650 Fifth Avenue Action, into a segregated interest bearing escrow account pending further Order of the Arbitrator, is granted; and it is further

**ORDERED** that the Perles Respondents and the Fay Respondents, each shall deposit $1,600,000.00 into the interest bearing escrow account as set forth in the above stated ordering paragraph; and it is further

**ORDERED** that that branch of the Claimant's April 26,

10

2024, email request for an Order directing the Perles Respondents and the Fay Respondents to facilitate, and not contest, Claimant's claim to direct payment of the Claimant's pro rata share of legal fees in the 650 Fifth Avenue Action on account of the same individual Peterson Plaintiffs from whom the Claimant received legal fees in the Peterson et al v Islamic Republic of Iran, No. 10-4518 (SDNY), without those fees coming into the Respondents' possession, is granted; and it is further

**ORDERED** that that branch of the Claimant's April 26, 2024, email request for an Order permitting the Claimant to share this Order with the Court, opposing counsel or collection counsel in the 650 Fifth Avenue Action, is granted; and it is further

**ORDERED** that that branch of the Claimant's April 26, 2024, email request for an Order directing the Perles Respondents and the Fay Respondents to provide the Claimant a detailed written update, within 7 days of the date of this Order, on the status of enforcement efforts in the Clearstream II enforcement action and from the

11

USVSST, and to disclose any proposed sharing arrangements among plaintiff groups, is granted; and it is further

**ORDERED** that that branch of the Claimant's April 26, 2024, email request seeking an Order directing the Perles Respondents and the Fay Respondents to continue providing the Claimant with updates and disclosures when there is a material development in the Clearstream II enforcement action and with respect to the USVSST, but no less than every 90 days, is granted; and it is further

**ORDERED** that that branch of the Claimant's April 26, 2024, email request seeking an Order directing the Perles Respondents and the ==Fay Respondents to provide the Claimant with information regarding any communications or meetings the Respondents had with the Peterson Plaintiffs, who are the Claimant's clients, related to the Claimant, the letter dated April 16, 2024, or the subject of this arbitration, is granted==; and it is further

**ORDERED** that within 7 days of the date of this Order, the Fay Respondents shall provide the Claimant with a

detailed written statement of all communications with the Peterson Plaintiffs, who are the Claimant's clients, regarding the Claimant, the April 16, 2024, letter, or the subject of this arbitration, including the Zoom sessions, and both the Fay Respondents and Perles Respondents shall continue to provide the Claimant with the same detailed information for any past, present and future communications with the Peterson Plaintiffs who are the Claimant's clients; and it is further

**ORDERED** that that branch of the Claimant's May 9, 2024, letter for an Order compelling the Perles Respondents and the Fay Respondents to produce a witness for depositions, is denied.


Dated: New York, New York
       May 15, 2024

*[signature: Stephen G. Crane]*
Stephen G. Crane, Arbitrator