# Exhibit 12

JAMS COMPREHENSIVE ARBITRATION
NEW YORK, NEW YORK
-----------------------------------------

ALLEN L. ROTHENBERG, ESQ., THE LAW
FIRM OF ALLEN L. ROTHENBERG, and THE
ROTHENBERG LAW FIRM LLP,

        Claimants,

        and                JAMS Ref. No.
                         1425036110

THOMAS FORTUNE FAY, ESQ., THE FAY LAW
GROUP, P.A., STEVEN R. PERLES, ESQ.,
PERLES LAW FIRM, P.C., and FAY and
PERLES FSIA LITIGATION PARTNERSHIP,

        Respondents.

-----------------------------------------

### INTERIM AWARD

The undersigned Arbitrator, having been designated pursuant to Section II, paragraph D of an Arbitration Agreement dated December 4, 2017, among the Claimants Allen L. Rothenberg, Esq., The Law Firm of Allen L. Rothenberg, and The Rothenberg Law Firm LLP, (hereinafter the Claimant), the Respondents Thomas Fortune Fay, Esq., The Fay Law Group, P.C., (hereinafter Respondent Fay), Steven R. Perles, Esq., Perles Law Firm, P.C., (hereinafter Respondent Perles), and Fay and Perles FSIA

1

Litigation Partnership, and non-party Anthony LaSpada, Esq., and having read the submissions of the Claimant and the Respondents, does hereby find and AWARD as follows:

## BACKGROUND

On April 16, 2024, the Respondents sent a letter to those Peterson plaintiffs who are the Claimant's clients accusing the Claimant of having violated the Rules of Professional Conduct. The letter was sent on "Fay & Perles" letterhead. The Respondents invited the Peterson plaintiffs to whom the letter was sent to "make changes to [their] legal team." Claimant's counsel was notified on April 18, 2024, that the letter was sent to the Claimant's clients. Shortly thereafter, the Claimant began receiving communications from some of the Peterson plaintiffs, who are the Claimant's clients, purporting to terminate his representation in the Peterson Action.

In an email dated April 19, 2024, the Claimant requested a conference with the Arbitrator and all parties. A Zoom conference was held on April 22, 2024, and the Claimant thereafter submitted an email dated

April 26, 2024, seeking various forms of relief.  The
Respondents submitted letters opposing much of the
requested relief.

The Arbitrator issued Order No. 7 on May 15, 2024.
Order No. 7 provides, in pertinent part:

> **ORDERED** that that branch of the
> Claimant's April 26, 2024, email request
> for an Order directing the Perles
> Respondents and the Fay Respondents to
> facilitate, and not contest, Claimant's
> claim to direct payment of the
> Claimant's pro rata share of legal fees
> in the 650 Fifth Avenue Action on
> account of the same individual Peterson
> plaintiffs from whom the Claimant
> received legal fees in the <u>Peterson et
> al v Islamic Republic of Iran</u>, No. 10-
> 4518 (SDNY), [sic] without those fees
> coming into the Respondents' possession,
> is granted; and it is further
>
> *  *  *
>
> **ORDERED** that that branch of the
> Claimant's April 26, 2024, email request
> for an Order directing the Perles
> Respondents and the Fay Respondents to
> provide the Claimant with information
> regarding any communications or meetings
> the Respondents had with the Peterson
> Plaintiffs, who are the Claimant's
> clients, related to the Claimant, the
> letter dated April 16, 2024, or the
> subject of this arbitration, is granted;
> and it is further

3

> **ORDERED** that within 7 days of the date
> of this Order, the Fay Respondents shall
> provide the Claimant with a detailed
> written statement of all communications
> with the Peterson Plaintiffs, who are
> the Claimant's clients, regarding the
> Claimant, the April 16, 2024, letter, or
> the subject of this arbitration,
> including the Zoom sessions, and both
> the Fay Respondents and Perles
> Respondents shall continue to provide
> the Claimant with the same detailed
> information for any past, present and
> future communications with the Peterson
> Plaintiffs who are the Claimant's
> clients.

The Claimant thereafter received communication from an attorney claiming to represent one of the <u>Peterson</u> plaintiffs, who was the Claimant's client, who had purportedly discharged the Claimant and was threatening to bring a motion to disqualify the Claimant from representing any of the <u>Peterson</u> plaintiffs. On December 5, 2024, the Claimant submitted an email application for an order, *inter alia*, compelling the Respondents "to comply with Order No. 7 by disclosing all written and oral communications with . . . any other <u>Peterson</u> plaintiffs who are the Claimant's clients, or their attorneys, relating to the issues to be decided in this

4

arbitration, to Fay and Perles's April 16, 2024, letter, or the allegation that the Claimant has engaged in an impermissible conflict of interest. . . ." The Respondents opposed the Claimant's email application in separate emails dated December 6, 2024.

In Order No. 8 dated December 9, 2024, the Arbitrator granted the Claimant's motion and the Respondents were given two calendar days to provide this information. The Arbitrator also enjoined the Respondents from communicating any adverse information about the Claimant to any of the Peterson plaintiffs or their counsel until the Final Award is issued in this arbitration. In Order No. 9 dated December 18, 2024, the Arbitrator found that the Respondents complied with Order No. 7 and Order No. 8 by timely revealing the fact of communications though not revealing the content of the communications on the basis of privilege. The Arbitrator denied additional relief requested by the Claimant in Order No. 9, for privilege logs and for the disclosure of any financial or incentive relationship between the Respondents and certain other law firms, as outside the scope of this

arbitration.

The Respondents' compliance with Order No. 7 as recognized in Order No. 9, did not terminate the Respondents' ongoing obligations to comply with the directives contained in Order No. 7. Order No. 7 remains in full force and effect and neither of the Respondents has moved to vacate that Order.

**MOTION AND OPPOSITIONS**

By motion dated March 17, 2025, the Claimant seeks the imposition of sanctions against the Respondents pursuant to JAMS Rule 29 for violation of Order No. 7 dated May 15, 2024. In the alternative, the Claimant seeks to amend the Demand for Arbitration pursuant to JAMS Rule 10. The Claimant also seeks an Order directing Respondents to (1) cease and desist from facilitating the termination or purported termination of the Claimant's representation of the Peterson plaintiffs; (2) comply with Order No. 7; (3) provide the Claimant with all written communications since April 16, 2024, or in the future with any Peterson plaintiff or such plaintiff's

6

representative that reference the Claimant in any way whatsoever; (4) facilitate, and not contest, the Claimant's claim to direct payment of his *pro rata* share of legal fees from funds paid by the USVSST on account of the same individual <u>Peterson</u> plaintiffs from whom the Claimant received legal fees in the <u>Peterson et al v Islamic Republic of Iran</u>, No. 10-4518 (SDNY) action; (5) escrow legal fees payable to them from funds paid by the USVSST on account of the Indirect Follow-On Plaintiffs in an amount sufficient to cover the Claimant's claimed damages which will be determined at a later date. The Claimant also requests permission to share Order No. 7 and this INTERIM AWARD with anyone necessary to implement the relief in the context of the USVSST.

Respondent Fay and Respondent Perles oppose the motion in separate submissions each dated March 25, 2025.

The Claimant submitted an email Reply on March 26, 2025.

## DISCUSSION

In support of the motion, the Claimant contends that the Respondents have orchestrated and facilitated the

purported termination of his representation of plaintiffs
in the Peterson Action in an attempt to deprive him of
his attorneys' fees in that action.  The Claimant further
asserts that the Respondents' actions are not only a
violation of Order No. 7, but they are a clear attempt at
an end-run around the relief sought in this arbitration.
The Claimant supports his motion with email
communications from Caragh Fay Owens, Esq. to some of the
Peterson plaintiffs.   In one of those email
communications, Ms. Fay brings up "the Rothenberg issue,"
and asks the Claimant's client if she sent "anything" to
the Claimant.  The Claimant's client asked no questions
and simply responded that she had not sent anything to
the Claimant.  Nevertheless, Ms. Fay responded with an
email advising the Claimant's client that she needs to
let the Claimant know, by sending him an email, if the
client no longer wishes the Claimant to represent her and
her entire family.  The client expresses confusion and
asks Ms. Fay what they should do.  Ms. Fay again
reiterates that the Claimant's client should send the
Claimant a letter if they no longer wish the Claimant to

8

represent them.  Ms. Fay goes so far as to provide her cell phone number and to invite plaintiffs to call her, even during the weekend, if they have any questions.  The communications reveal that Ms. Fay is clearly setting up a competition between the Fay & Perles law firm and the Rothenberg law firm.

In opposition to the motion, Respondent Fay argues that the communications with the <u>Peterson</u> plaintiffs did not violate Order No. 7, and that all of the communications were mandated by the Rules of Professional Conduct for the District of Columbia.  Respondent Fay's opposition papers take a deep dive down a rabbit hole of the Rules of Professional Conduct from which she somehow concludes that the Claimant is prohibited from representing the <u>Peterson</u> plaintiffs and that, as a result, the request for sanctions is moot.  Tellingly, the opposition papers contain no denial of communications with the <u>Peterson</u> plaintiffs, and, in fact, contain an admission of "instigating" communications but without explanation as to whether all of these communications have been revealed to the Claimant as required by the

9

continuing obligations imposed by Order No. 7.

Respondent Perles similarly misses the mark in his opposition to the motion by asserting that the Arbitrator lacks jurisdiction to grant the requested relief. He then throws Respondent Fay under the bus by claiming that, while Respondent Perles sought advice from ethics counsel and the communications with the Peterson plaintiffs were determined to be necessary, Respondent Perles has not communicated with the clients[1] and thus cannot be sanctioned.

This is the fourth time the Arbitrator is addressing the same issue in this arbitration in the span of less than 12 months.[2] The email communications submitted by the Claimant in support of his motion reveal that the Respondents continue to communicate with the Peterson plaintiffs who are the Claimant's clients, about the Claimant's representation of those clients, without

---

[1] He never disclaims knowing that these communications were occurring or even instigating or encouraging them.

[2] The Arbitrator addressed this issue in Order No. 7, dated May 15, 2024, in Order No. 8, dated December 9, 2024, and in Order No. 9, dated December 18, 2024.

10

revealing all of those communications to the Claimant. The scant emails that were forwarded to the Claimant, which appear to have been forwarded by accident, are only portions of communications with the Claimant's clients, not the entirety of the communications between Respondent Fay and those clients, despite the Respondents' continuing obligation to provide the entirety of these communications to the Claimant pursuant to Order No. 7.

Moreover, contrary to Respondent Fay's assertion, she is not simply inquiring as to whether the plaintiffs have made a decision on their legal representation. Respondent Fay blatantly asks the Claimant's clients whether they have "sent a letter" to the Claimant. She raises "the Rothenberg issue" with one <u>Peterson</u> plaintiff and asks if they sent anything to the Claimant; Respondent Fay attaches another copy of the April 16, 2024, letter "in case [they] didn't receive it." Respondent Fay tells more than one <u>Peterson</u> plaintiff, in response to their confusion, that "if you do not wish for him to represent you, you need to let him know by sending him an email." This is not simply "initiating contact"

11

to determine if these plaintiffs consented to the Claimant "resuming his representation." That phrase, as perplexing as it is, is nowhere found in any of the communications submitted to the Arbitrator. Respondent Fay is clearly coaxing these Peterson plaintiffs to terminate the Claimant's representation. She sets up a competition or false choice between the Claimant and the Respondents - an either/or proposition - that will undermine the relief sought in this arbitration.

Respondent Fay trots out a number of provisions of the Rules of Professional Conduct which she relies on as an excuse for her violation of Order No. 7. One of those rules is that informed consent requires an affirmative response by a client; consent may not be assumed from silence. Apparently Respondent Fay did not believe this Rule applied to the Respondents when they entered into the Marines Cooperation Agreement, a mere 10 days after sending consent forms to the more than 800 Peterson plaintiffs. Moreover, the Respondents wholly ignore the fact that they never told the Claimant about the Marines Cooperation Agreement and the Respondents certainly do

12

not reveal what the ramifications might be of that concealment under the Rules of Professional Conduct.

Nevertheless, whether any of the parties violated the Rules of Professional Conduct is an issue not before the Arbitrator and is, in fact, beyond the jurisdiction of the Arbitrator [See Bidermann Indus. Licensing v Avmar N.V., 173 AD2d 401, 402 (1st Dept 1991)(application of the Code of Professional Responsibility cannot be left to determination of arbitrators); see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v Benjamin, 1 AD3d 39, 44 (1st Dept 2003)]. However, Order No. 7 has been in effect since May 15, 2024. The Respondents have not once come to the Arbitrator with a motion to vacate or modify Order No. 7 under the guise of their so-called ethical obligations.

Furthermore, the reasons provided by the Respondents for their actions are subterfuge. If the Rules of Professional Conduct imposed an obligation on the Respondents to speak to the clients about any alleged

conflicts,[3] those obligations were imposed long ago. The Respondents chose to remain silent. The Claimant first raised an issue regarding the Marines Cooperation Agreement and the dilution of his fees when he learned of that Agreement in or about 2017. The Arbitration Agreement dated December 4, 2017, and signed by all parties to this arbitration, clearly spelled out the issue the Claimant was raising with respect to the sharing agreements. The Respondents remained silent for seven years and only found the urgency to notify the Peterson plaintiffs of the Claimant's alleged ethical violations in the midst of this arbitration.

The Respondents' actions are nothing more than a thinly veiled attempt to oust the Claimant from representing the Peterson plaintiffs and to share his fees between them in a 50/50 split. Furthermore, the communications with the Peterson plaintiffs are a glaring attempt to undermine this Arbitrator's jurisdiction to

---

[3] And what about their own conflict in representing the Follow-On Plaintiffs who are competing with the Peterson plaintiffs to execute judgments against the same assets (Clearstream I and 650 Fifth Avenue).

14

determine the issues in this arbitration and to render academic the relief sought by the Claimant in his Demand for Arbitration, particularly his request for declaratory relief.

There is no merit to Respondent Fay's allegation that the Claimant no longer represents the Peterson plaintiffs and that the Claimant is only entitled to fees on the basis of *quantum meruit*. This is nowhere alleged in any of the arbitration pleadings. Indeed, Ms. Fay contradicts, for this arbitration, the conflict of interest she raises to justify the communication with the Claimant's clients in the letter of April 16, 2024. Ms. Fay's conflict of interest argument, raised more than seven years after the purported conflict came to light, is merely a smokescreen created after the fact to justify sending the letter of April 16, 2024.

In addition, although Respondent Perles attempts to lay all of the blame on Respondent Fay, he never disclaims Respondent Fay's communications or indicates that she was acting clandestinely without his knowledge or even his consent or support. The April 16, 2024,

letter was sent on Fay & Perles letterhead and her
follow-up communications clearly were made on behalf of
Fay & Perles.

Finally, the Arbitrator rejects the assertion that
this dispute falls outside the scope of this Arbitration.
The Claimant submitted his "fee dispute" to arbitration
seeking, *inter alia*, declaratory relief "setting forth
his entitlement to future attorneys' fees from under the
Co-Counsel Agreement sufficient to remedy. . . other
damages caused by Respondents' improper actions"
[Claimant's Demand for Arbitration dated September 14,
2021, p10, ¶45]. Any attempt to undermine the parties'
Arbitration Agreement with respect to the disputes
submitted to arbitration falls within the scope of the
Arbitrator's jurisdiction. The dispute that is the
subject of this INTERIM AWARD also falls within the
Arbitrator's jurisdiction to protect the sanctity of the
relief requested, including the issuance of a declaratory
judgment that might otherwise be rendered academic if the
Respondents were to succeed in dislodging the Claimant
from representing all of the Peterson plaintiffs.

16

JAMS Rule 29 provides:

> The Arbitrator may order appropriate
> sanctions for the failure of a Party to
> comply with its obligations under any of
> these Rules or with an order of the
> Arbitrator.    These    sanctions    may
> include,   but   are   not   limited   to,
> assessment   of   Arbitration   fees   and
> Arbitrator   compensation   and   expenses;
> assessment of any other costs occasioned
> by   the   actionable   conduct,   including
> reasonable attorneys' fees; exclusion of
> certain   evidence;   drawing   adverse
> inferences,   or,   in   extreme   cases,
> determining an issue or issues submitted
> to Arbitration adversely to the Party
> that has failed to comply.

That branch of the Claimant's motion which was for
sanctions under JAMS Rule 29 is granted.  The Arbitrator
finds that the Respondents have flagrantly violated their
continuing obligations imposed under Order No. 7 dated
May 15, 2024.  Their clandestine communications in
violation of that Order are an attempt to undermine the
jurisdiction   of   this   Arbitrator   to   adjudicate   the
disputes raised in the Claimant's Demand for Arbitration
and the affirmative defenses raised by Respondent Perles.
JAMS Rule 29 authorizes drawing an adverse inference.  An
adverse   inference   is   drawn   that   the   Respondents   are

17

cloaking themselves in the Rules of Professional Conduct to steal the Claimant's fees derived from the plaintiffs he represents in the <u>Peterson</u> Action. The Arbitrator awards sanctions as authorized by JAMS Rule 29 in the form of payment to the Claimant of any shortfall in attorneys' fees from the <u>Peterson</u> plaintiffs that he represented when the QSF distributed the Clearstream I asset, due to his discharge of representation of any of them, and the attorneys' fees he collects from their recoveries in the 650 Fifth Avenue and USVSST matters, or any other matter from which these clients recover payments on their judgments. This shortfall, if any, shall be paid as a sanction by the Respondents, jointly and severally.

The Arbitrator further awards as a sanction pursuant to JAMS Rule 29, reimbursement of the Claimant's share of Arbitration fees, Arbitrator compensation and expenses, including compensation of the Research Assistant, as well as reasonable attorneys' fees paid by the Claimant to his

counsel, Fox Rothschild, since December 18, 2024,[4] to address the issues in enforcing Order No. 7.  The Claimant's attorney is directed to submit a detailed affidavit, within seven (7) days of the date of this INTERIM AWARD, specifying the attorneys' fees paid and time spent since December 18, 2024, to address the issues in enforcing Order No. 7.  This affidavit shall reveal the backgrounds of each timekeeper and the customary hourly rates charged and collected in like matters.  The affidavit should also set forth the amount of Arbitration fees, Arbitrator compensation and expenses, including compensation of the Research Assistant, the Claimant has paid relating to the enforcement of Order No. 7 since December 18, 2024.  The Respondents shall each respond within seven (7) days of the date of the Claimant's submission.  The Claimant shall reply within five (5) days after the date of the Respondents' submissions.

---

[4] This is the date of Order No. 9 where the Respondents were found, as of that date, to have complied with Order No. 7 and No. 8, after timely responding to the directive in Order No. 8 compelling them to comply with Order No. 7.  The Respondents' obligations to comply with the directives in Order No. 7 remained ongoing after the issuance of Orders No. 7, 8, and 9.

The Claimant's request in the alternative to amend the Demand for Arbitration is denied as unnecessary.

That branch of the Claimant's motion which was for an Order directing Respondents to cease and desist form facilitating the termination or purported termination of the Claimant's representation of the Peterson plaintiffs is denied, without prejudice to the Claimant's enforcement of the ongoing obligations of Order No. 7.

That branch of the Claimant's motion which was for an Order directing Respondents to comply with Order No. 7 by "provid[ing] the Claimant with information regarding any communications or meetings the Respondents had with the Peterson Plaintiffs, who are the Claimant's clients, related to the Claimant, the letter dated April 16, 2024, or the subject of this arbitration," while also continuing to provide "the Claimant with the same detailed information for any past, present and future communications with the Peterson Plaintiffs who are the Claimant's clients," is denied as duplicative of the relief granted in Order No. 7 which remains in full force and effect, and without prejudice to the Claimant's

enforcement of the ongoing obligations of Order No. 7.

That branch of the Claimant's motion which was for an order directing the Respondents to provide the Claimant with all written communications since April 16, 2024 (the date of the first letter) or in the future with any <u>Peterson</u> Plaintiff or such plaintiff's representative that reference or refer to the Claimant in any way whatsoever, is denied.

That branch of the Claimant's motion which was for an Order directing the Respondents to facilitate, and not contest, the Claimant's claim to direct payment of Claimant's *pro rata* share of legal fees from funds paid by the USVSST on account of the same individual <u>Peterson</u> Plaintiffs from whom the Claimant received legal fees in <u>Peterson et al v Islamic Republic of Iran</u>, No. 10-4518 (SDNY), is denied as unnecessary.

That branch of the Claimant's motion which was for an Order directing the Respondents to escrow legal fees payable to them from funds paid by the USVSST on account of the Indirect Follow-On Plaintiffs in an amount sufficient to cover the Claimant's claimed damages which

will be determined once the details of any such payments are made available to the Claimant, is denied.

That branch of the Claimant's motion which was for an Order permitting the sharing of Order No. 7 and this INTERIM AWARD with anyone necessary to implement the relief in the context of the USVSST, is granted upon consent of Respondent Perles and without opposition from Respondent Fay.


## CONCLUSION

Any argument not addressed in this **INTERIM AWARD** was found to be unavailing, without merit, academic or unnecessary to reach.

The Arbitrator concludes and **AWARDS** as follows:

1.  That branch of the Claimant's motion which was for sanctions under JAMS Rule 29 is granted.

2.  Pursuant to JAMS Rule 29, an adverse inference is drawn that the Respondents are cloaking themselves in the Rules of Professional Conduct to steal the Claimant's fees derived from the plaintiffs he represents in the <u>Peterson</u> Action. The Arbitrator

awards sanctions as authorized by JAMS Rule 29 in the form of payment to the Claimant of any shortfall in attorneys' fees from the <u>Peterson</u> plaintiffs that he represented when the QSF distributed the Clearstream I asset, due to his discharge of representation of any of them, and the attorneys' fees he collects from their recoveries in the 650 Fifth Avenue and USVSST matters, or any other matter from which these clients recover payments on their judgments. This shortfall, if any, shall be paid as a sanction by the Respondents, jointly and severally.

3. Pursuant to JAMS Rule 29, the Respondents shall reimburse the Claimant for his share of Arbitration fees, Arbitrator compensation and expenses, including compensation of the Research Assistant, as well as the reasonable attorneys' fees paid by the Claimant to his counsel, Fox Rothschild, since December 18, 2024, to address the issues in enforcing Order No. 7. The Claimant's attorney is directed to submit a detailed affidavit, within seven (7) days of the date

of this INTERIM AWARD, specifying the attorneys' fees paid and time spent by Fox Rothschild since December 18, 2024, to address the issues in enforcing Order No. 7. This affidavit shall reveal the backgrounds of each timekeeper and the customary hourly rates charged and collected in like matters. The affidavit should also set forth the amount of Arbitration fees, Arbitrator compensation and expenses, including compensation of the Research Assistant, the Claimant has paid relating to the enforcement of Order No. 7 since December 18, 2024. The Respondents shall each respond within seven (7) days of the date of the Claimant's submission. The Claimant shall reply within five (5) days after the date of the Respondents' submissions.

4.  That branch of the Claimant's request in the alternative to amend the Demand for Arbitration is denied as unnecessary.

5.  That branch of the Claimant's motion for an Order directing Respondents to cease and desist form facilitating the termination or purported termination

of the Claimant's representation of the <u>Peterson</u> plaintiffs is denied, without prejudice to the Claimant's enforcement of the ongoing obligations of Order No. 7.

6. That branch of the Claimant's motion for an Order directing Respondents to comply with Order No. 7 by "provid[ing] the Claimant with information regarding any communications or meetings the Respondents had with the <u>Peterson</u> Plaintiffs, who are the Claimant's clients, related to the Claimant, the letter dated April 16, 2024, or the subject of this arbitration," while also continuing to provide "the Claimant with the same detailed information for any past, present and future communications with the <u>Peterson</u> Plaintiffs who are the Claimant's clients," is denied as duplicative of the relief granted in Order No. 7 which remains in full force and effect, and without prejudice to the Claimant's enforcement of the ongoing obligations of Order No. 7.

7. That branch of the Claimant's motion for an Order directing the Respondents to provide the Claimant

with all written communications since April 16, 2024 (the date of the first letter) or in the future with any _Peterson_ Plaintiff or such plaintiff's representative that reference or refer to the Claimant in any way whatsoever, is denied.

8. That branch of the Claimant's motion for an Order directing the Respondents to facilitate, and not contest, the Claimant's claim to direct payment of Claimant's _pro rata_ share of legal fees from funds paid by the USVSST on account of the same individual _Peterson_ Plaintiffs from whom the Claimant received legal fees in _Peterson et al v Islamic Republic of Iran_, No. 10-4518 (SDNY), is denied as unecessary.

9. That branch of the Claimant's motion for an Order directing the Respondents to escrow legal fees payable to them from funds paid by the USVSST on account of the Indirect Follow-On Plaintiffs in an amount sufficient to cover the Claimant's claimed damages which will be determined once the details of any such payments are made available to the Claimant, is denied.

10. That branch of the Claimant's motion for an Order permitting the sharing of Order No. 7 and this INTERIM AWARD with anyone necessary to implement the relief in the context of the USVSST, is granted on consent of Respondent Perles and without opposition from Respondent Fay.

_____
Stephen G. Crane, Arbitrator

State of New York )
                 : ss:
County of New York)

    I, Stephen G. Crane, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my INTERIM AWARD.

_____        _____
Date                                    Stephen G. Crane, Arbitrator

April 10, 2025

27